**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| N.N., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| LINCOLN BANCORP, LLC, | ) | 1:25-cv-04313-MHC |
| | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD

Defendant's Motion to Extend Discovery ("Motion") is based on a simple premise: Plaintiff's expert, Anique Whitmore, was disclosed on July 1, 2026, and Defendant did not have enough time remaining in discovery to depose Ms. Whitmore and procure, disclose, and present any rebuttal expert before the close of discovery on July 9, 2026. Defendant does not accuse Plaintiff of sandbagging, sabotage, or any intentional delay. Defendant simply recognized that additional time would be needed and sought what it believed to be a routine extension. Plaintiff's Opposition, highlighted by accusations of delay and lack of diligence, needlessly elevates the tenor of the present dispute, but, more importantly, misses the point of Defendant's Motion.

As Plaintiff points out, the parties have agreed to conduct certain discovery outside the discovery period. Specifically, the parties have agreed to take the deposition of Ms. Whitmore, to take the depositions of the three fact witnesses who provided Plaintiff with declarations or affidavits, and to allow the disclosure and deposition of any rebuttal expert retained by Defendant. Those agreements address much of the possible prejudice that otherwise would exist by virtue of Plaintiff's *disclosure of Ms. Whitmore with only eight days remaining in the discovery period*. Defendant nevertheless believed its Motion was necessary for three reasons.

First, the lawyers' agreements notwithstanding, any late disclosure of a rebuttal expert would technically be untimely without the Court's approval. Under Federal Rule of Civil Procedure 26(a)(2)(D), expert disclosures are to be made pursuant to the scheduling order when there is one, and when there is not a scheduling order, rebuttal experts are to be disclosed within 30 days of the other party's expert disclosure. Here, because there is a Scheduling Order, Defendant's disclosure of a rebuttal expert outside the existing deadline, absent the Court's approval, could create a Rule 26 issue notwithstanding counsel's agreement. Thus, while Defendant appreciates Plaintiff's willingness to address these issues cooperatively, Defendant thought it prudent to have the parties' agreements incorporated into a revised scheduling order so that compliance with those agreements will not later become an issue.

Second, Defendant recognizes that there may be follow-up discovery it would like to conduct stemming from Ms. Whitmore's testimony. Plaintiff points out that Defendant has not identified specific discovery necessitated by Ms. Whitmore's disclosure, and Plaintiff is correct about that. But Ms. Whitmore has not yet been deposed, and given the scope of her report, Defendant seeks the ability to follow up if that need arises. Ms. Whitmore is a psychotherapist whose report states that her assignment was to examine whether Plaintiff's vulnerabilities, methods of exploitation, inability to escape, impacts, and trafficking environment were consistent with those common in sex-trafficking situations. More than half of Ms. Whitmore's report is general in nature, addressing trafficking, vulnerabilities to trafficking, methods employed by traffickers, why victims may not escape traffickers, and psychological consequences of trafficking. The case-specific portion of Ms. Whitmore's report is based on *a June 5, 2026 Zoom clinical interview of Plaintiff*. In that portion, Ms. Whitmore relies heavily on Plaintiff's account during the clinical assessment to opine on Plaintiff's vulnerabilities, methods of exploitation, inability to escape, and claimed impact. It is therefore likely that any rebuttal expert retained by Defendant will want to interview Plaintiff, just as Ms. Whitmore did. Thus far, Plaintiff has not agreed to permit such an interview or examination, and because discovery is now closed, Defendant

would be unable to compel access to Plaintiff should she refuse to make herself available.

Third, the current schedule includes deadlines that may not allow the parties to complete the agreed discovery in time for it to be used in dispositive-motion practice. The testimony of Ms. Whitmore, as well as the testimony of the other witnesses the parties have agreed to take outside discovery, may factor into any motion for summary judgment. Without an amended scheduling order addressing the dispositive-motion deadline, the agreed discovery may not be completed in time to be used in any motion for summary judgment.

Defendant also briefly addresses Plaintiff's diligence argument. Plaintiff's account of discovery during the first several months of the case does not change the limited and practical reason for Defendant's Motion. Defendant's current counsel became involved only recently, and the present Motion arose because Ms. Whitmore was disclosed on July 1, 2026, shortly before the July 9, 2026, discovery deadline. The issue before the Court is not whether the parties could criticize one another's discovery pacing in hindsight; it is whether the schedule should be adjusted enough to permit orderly completion of expert-related discovery and the limited depositions the parties have already agreed should occur.

Defendant continues to believe that the simplest way to address these concerns is a 90-day extension. Defendant is, however, amenable to narrower

relief. For example, Plaintiff suggests limiting the discovery extension so that only the five identified depositions may occur, and Defendant agrees that such an approach would be reasonable so long as the dispositive-motion deadline is extended sufficiently to allow those depositions to be completed and incorporated into any dispositive motion. Given that those depositions have not yet been completed, Defendant submits that extending the dispositive-motion deadline by only 30 days may be insufficient.

For these reasons, Defendant respectfully requests that the Court grant its Motion to Extend the Discovery Period. In the alternative, Defendant respectfully requests that the Court enter an order permitting the five identified depositions to proceed outside the discovery period, allowing Defendant to disclose and present any rebuttal expert following Ms. Whitmore's deposition, and extending the dispositive-motion deadline sufficiently to allow the parties to use the agreed discovery in summary-judgment briefing.

Respectfully submitted, this 22nd day of July, 2026.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400

Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln
Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christoper T. Byrd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854