**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **N.N.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LINCOLN BANCORP, LLC,**<br><br>**Defendant.** | **CIVIL ACTION FILE**<br><br>**NO. 1:25-CV-4313-MHC** |

# ORDER

This case comes before the Court on Plaintiff's Motion for Leave to File Documents under Seal ("Mot. to Seal") [Doc. 52].

On August 18, 2025, Plaintiff filed a Motion for a Protective Order and Leave to Proceed Anonymously by N.N. [Doc. 6]. This Court granted Plaintiff's Motion for a Protective Order ("First Protective Order") on August 21, 2026, [Doc. 7], finding that finding that "the privacy and safety interests of Plaintiff and witnesses identified or suspected of being victims of sex trafficking outweigh the public's interest in knowing their identities." First Protective Order at 1. In connection with this finding, this Court ordered all "materials, documents, pleadings, exhibits, and evidence of any kind" filed in this case to refer to Plaintiff as "N.N." Id. Further, this Court ordered all "materials, documents, pleadings,

exhibits, and evidence of any kind filed in this case referring to any witness identified by counsel for either party as a victim of sex trafficking or suspected victims of sex trafficking and Plaintiff's family members" refer to those witnesses by pseudonymous initials only. First Protective Order at 1. On February 4, 2025, the parties filed a Joint Mot. for a Protective Order [Doc. 22], in which the parties petitioned this Court to issue an additional order to "govern the materials produced by Plaintiff and Defendant and those materials sought through lawful subpoenas." Joint Mot. for a Protective Order at 1. On February 5, 2026, this Court granted the Parties' Joint Motion for a Protective Order [Doc. 23].

On July 7, 2026, Defendant filed a Motion for Extension of Time to Complete Discovery [Doc. 47], to which Plaintiff filed an opposition response ("Plaintiff's Opposition") [Doc. 50] on July 15, 2026. Plaintiff's current motion seeks to file under seal redacted versions of exhibits in connection with Plaintiff's Opposition, arguing the named exhibits consist of emails that "include[] sensitive, protected, and/or identifying information in reference to Plaintiff, documents, or persons identified in the protective order." Mot. to Seal at 1. Plaintiff requests to file under seal the following: Exhibit 1- "Email - Lincoln Bancorp, LLC - Plaintiffs DB, JR, NN, and TH"; Exhibit 4- "Email- Email - Lincoln Bancorp Cases";

Exhibit 6- "N.N. Discovery"; and Exhibit 8- "Email - Lincoln Bancorp, LLC and Plaintiffs." Id.

## I. LEGAL STANDARD

Although this Court permits "the sealing of documents that contain information protected from disclosure by statute, personal information (such as Social Security numbers), trade secrets, or sensitive security data," the filing of documents under seal is generally disfavored as all documents filed with the Court are presumptively public. Standing Order Regarding Civil Litigation entered August 5, 2025 [Doc. 49] ("Standing Order") at 15. This is consistent with the Eleventh Circuit's position that court records are presumptively public: "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)

(internal punctuation omitted)). "The common-law right of access includes the right to inspect and copy public records and documents." Chi. Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero, 480 F.3d at 1245. A substantive pretrial motion is "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted). The common-law right of access, however, is not absolute as it does not apply to all discovery materials. Id. at 1245; see also Chi. Tribune Co., 263 F.3d at 1311.

A party seeking to have material sealed can overcome the common law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." NXP B.V. v. Research In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). A good cause determination

"requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (quoting Chi. Tribune Co., 263 F.3d at 1309 (internal punctuation omitted)); see also FED. R. CIV. P. 26(c) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chicago Tribune Co., 263 F.3d at 1311, 1315 (quoting Nixon, 435 U.S. at 603) (internal punctuation omitted). Factors for the Court's consideration in making such a determination include

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citation omitted).

## II. ANALYSIS

Plaintiff seeks to file under seal redacted versions of Exhibits 1, 4, 6, and 8 to Plaintiff's Response Motion as they contain identifying information of the Plaintiff and/or witnesses. Mot. to Seal at 1. This Court finds that there is a legitimate privacy interest in protecting the sensitive, protected, and/or identifying information contained in the exhibits to Plaintiff's Response Motion, and that this interest outweighs any common-law right of access the public may have in this information. As this Court outlined in the First Protective Order, "the privacy and safety interests of Plaintiff and witnesses identified or suspected of being victims of sex trafficking outweigh the public's interest in knowing their identities." First Protective Order at 1. Accordingly, the Court finds good cause exists to seal Exhibit 1, 4, 6, and 8 to Plaintiff's Opposition [Doc. 50].

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Matters Under Seal [Doc. 52] is **GRANTED**.

The Clerk is **DIRECTED** to maintain the documents filed as exhibits in docket number 51 under seal.

**IT IS SO ORDERED** this 27th day of August 2025.

Mark H. Cohen
MARK H. COHEN
United States District Judge