**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| N.N.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:25-cv-04313-MHC |

**JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF COVERAGE ACTION**[1]

Plaintiff N.N. and Defendant Lincoln Bancorp, LLC jointly move for a temporary stay of this action pending resolution of the separate insurance-coverage action – ***Evanston Insurance Co. v. Lincoln Bancorp, LLC Super 8, Lincoln Property Management LLC, D.B., J.R., N.N., and T.H.*** (Case No. 1:26-cv-03467-TRJ), filed in the United States District Court for the Northern District of Georgia (hereinafter "Coverage Action").[2] The parties request an initial stay of 180 days, subject to earlier termination upon resolution of the Coverage Action, with any extension requiring a further order of this Court. The parties further request that the

[1] If leave to file this motion is required under Local Rule 7.1(A)(2), the parties respectfully request such leave be granted for the reasons specified herein.

[2] See Complaint for Declaratory Judgment, attached hereto at ***Exhibit "A"***.

Court suspend all unexpired litigation deadlines until termination of the stay. A proposed order is submitted herewith as ***Exhibit "B"***.

**Memorandum of Law**

***Background and purpose of the requested stay.***

1. N.N.'s Complaint asserts claims against Lincoln Bancorp, LLC under 18 U.S.C. §§ 1595 and 2255 and Georgia negligence and nuisance law arising from alleged trafficking at the Super 8 located at 4979 Old National Highway, College Park, Georgia. *See* Complaint, ECF No. 1.

2. Defendant's excess insurer filed the Coverage Action on or about June 22, 2026, seeking a determination as to whether the claims asserted herein are covered under two commercial excess policies (the "Excess Policies"). *See* ***Ex. "A"***.

3. Defendant's primary insurer previously tendered its limits to Plaintiff herein, and, accordingly, the Excess Policies are the only remaining source of potential insurance coverage.

4. The parties to this action consent to the requested stay. A coverage determination will clarify the insurance resources, if any, available for resolution of Plaintiff's claims and permit the parties to evaluate settlement and litigation decisions on a more informed basis. The parties jointly seek to avoid incurring additional litigation expenses while that uncertainty remains.

5. The current procedural posture and deadlines in the current matter are as follows:

- Discovery expires on October 7, 2026. *See* ECF No. 55.
- Dispositive motions or proposed consolidated pretrial order due on November 6, 2026. *See* L.R. 56.1; Standing Order (ECF No. 49), p. 19.

***The Court has discretion to grant a limited stay.***

A federal court has inherent authority to stay proceedings to manage its docket and balance the competing interests of the litigants and the court. ***Landis v. North American Co.***, 299 U.S. 248, 254–55 (1936). The party seeking a stay bears the burden of justifying it, and the stay must remain within reasonable limits. ***Id.*** at 255–57. The Eleventh Circuit likewise requires consideration of the stay's scope, potential duration, and supporting reasons. ***Ortega Trujillo v. Conover & Co. Communications, Inc.***, 221 F.3d 1262, 1264–65 (11th Cir. 2000).

Here, both parties request the same temporary relief. Plaintiff consents to the resulting delay in adjudication of her claims, and Defendant consents to delaying adjudication of its defenses. The parties submit that a limited pause will allow for resolution of the Coverage Action, which, in turn, will permit meaningful assessment of available coverage and the potential for settlement, while avoiding the expenses of litigating this case in the meantime.

Moreover, the proposed stay is not immoderate. Unless extended by further order, the stay automatically expires in 180 days. Moreover, the stay is subject to

expire even sooner, upon the resolution of the Coverage Action at the District Court level (*i.e.* the requested stay does not automatically extend through an appeal). The draft order also allows either party to petition the Court to modify or lift the stay, upon a showing of good cause, and it resets the existing summary judgment/pre-trial report deadline to fall on the 14th day following termination of the stay.

***Relief requested.***

The parties respectfully request entry of the proposed order staying this action for 180 days and suspending the current deadline for summary judgment motions and/or the pre-trial order.

Respectfully submitted, this 5th day of October, 2026.

*Agreed to and signed with express written permission:*

*/s/ Jennifer M. Webster*
Patrick J. McDonough, Esq.
GA Bar No. 489855
Jonathan Tonge, Esq.
Georgia Bar No. 303999
Jennifer Webster, Esq.
Georgia Bar No. 760381
**ANDERSEN, TATE & CARR, PC**
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

*Counsel for Plaintiff*

*Prepared and submitted by:*

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christoper T. Byrd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. Mcdonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854