# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN BANCORP, LLC SUPER 8, LINCOLN PROPERTY MANAGEMENT LLC, D.B., J.R., N.N., T.H. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Evanston Insurance Company, by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 57, and for its Complaint for Declaratory Judgment against Defendants Lincoln Bancorp, LLC Super 8 and Lincoln Property Management LLC, states as follows:

**INTRODUCTION**

1. Evanston Insurance Company seeks a declaration that it owes no duty to defend or indemnify Lincoln Bancorp, LLC Super 8 and Lincoln Property Management LLC under two commercial excess liability policies in connection with four underlying lawsuits alleging that plaintiffs were sex trafficked as minors at a

Super 8 hotel in College Park, Georgia. The commercial excess liability policies contain exclusions for abuse, molestation, exploitation, assault and battery, which preclude coverage for the lawsuits. A real, substantial and justiciable controversy has arisen and now exists between Evanston and Defendants, which is subject to resolution under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

2. Evanston Insurance Company ("Evanston") is incorporated in Illinois with its principal place of business located in Rosemont, Illinois.

3. On information and belief, Lincoln Bancorp, LLC Super 8 ("Lincoln Bancorp") is a foreign limited liability company authorized, which transacted business in the state of Georgia at the site of the Super 8: 4979 Old National Highway in College Park, Georgia, and can be served through its registered agent: Registered Agents Inc., at 8735 Dunwoody Place, Suite R, Atlanta, Georgia, 30350.

4. On information and belief, the members of Lincoln Bancorp are Tony Tran and Debbie To, who are citizens of Alameda, California.

5. On information and belief, Lincoln Property Management LLC ("LPM") was a domestic limited liability company authorized to transact business in the state of Georgia with its principal place of business located at the site of the Super 8: 4979 Old National Highway in College Park, Georgia, and can be served

through its registered agent: Registered Agents Inc., at 8735 Dunwoody Place, Suite R, Atlanta, Georgia, 30350.

6. On information and belief, the members of LPM are Tony Tran and Debbie To, who are both citizens of California.

7. D.B. is an individual who, on information and belief, is a citizen of Riverdale, Georgia.

8. J.R. is an individual who, on information and belief, is a citizen of Georgia.

9. N.N. is an is an individual who, on information and belief, is a citizen of Georgia.

10. T.H. is an individual who, on information and belief, is a citizen of Georgia.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Plaintiff Evanston is incorporated under the laws of the State of Illinois and maintains its principal place of business in Rosemont, Illinois. Accordingly,

Evanston is a citizen of Illinois for purposes of 28 U.S.C. § 1332.

13. On information and belief, Defendant Lincoln Bancorp is a California limited liability company. The identities and citizenship of Lincoln Bancorp's members are not publicly available despite reasonable inquiry. Upon information and belief, none of the members of Lincoln Bancorp is a citizen of Illinois. Accordingly, Lincoln Bancorp is a citizen of states other than Illinois for purposes of 28 U.S.C. § 1332.

14. Defendant LPM was a limited liability company organized under the laws of the State of Georgia. The identities and citizenship of LPM's members are not publicly available despite reasonable inquiry. Upon information and belief, none of the members of LPM is a citizen of Illinois. Accordingly, LPM is a citizen of states other than Illinois for purposes of 28 U.S.C. § 1332.

15. Complete diversity therefore exists between Plaintiff and Defendants

16. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the underlying lawsuits at issue seek compensatory damages, punitive damages, statutory damages, attorneys' fees, and other relief in excess of $75,000.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants owned, operated, managed, or controlled the Super 8 located at 4979 Old National Highway in College Park, Georgia; Defendants are named in

four underlying lawsuits pending in this District; the conduct alleged in the underlying lawsuits occurred in this District; and this action concerns insurance coverage for claims arising from conduct alleged to have occurred within this District.

18. Prior to the filing of this lawsuit, counsel for Defendants D.B., J.R., N.N., T.H, sent correspondence to Evanston in which they dispute Evanston's coverage position for their claims.

19. Therefore, an actual, substantial, and justiciable controversy exists between Evanston and Defendants regarding the nature and extent of Evanston's coverage obligations, if any, under the Evanston Policies, which is subject to resolution under 28 U.S.C. §§ 2201 and 2202.

## **GENERAL ALLEGATIONS**

20. This declaratory judgment action arises out of four separate civil actions filed in the United States District Court for the Northern District of Georgia (the "Underlying Lawsuits"). The Underlying Lawsuits are styled:

a. *D.B. v. Lincoln Bancorp, LLC d/b/a Super 8 by Wyndham and Lincoln Property Management LLC*, No. 1:25-cv-05391-AT;

b. *J.R. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04629-JPB;

c. *N.N. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04313-MHC;

and

d. *T.H. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04310-AT.

Copies of the Complaints filed in the Underlying Lawsuits are attached as Exhibits A, B, C, and D, respectively.

21. Evanston is currently defending Lincoln Bancorp, LLC and Lincoln Property Management LLC, subject to a full reservation of rights and defenses under Policy Nos. EZXS3018326 (effective 12/30/19 to 12/30/20) and EZXS3040949.

22. The Underlying Lawsuits allege that between approximately late April 2020 and March 2021, plaintiffs - minors ranging from approximately 15 to 17 years old - were victims of sex trafficking, sexual abuse, physical abuse, and exploitation at the Super 8 by Wyndham located at 4979 Old National Highway in College Park, Georgia (the "Hotel").

23. The Underlying Lawsuits allege that Lincoln Bancorp (named as a defendant the four Underlying Lawsuits) and LPM (named as a defendant in the *D.B.* Lawsuit) (collectively, "Defendants") owned, operated, maintained, managed, controlled, or were responsible for securing the Hotel.

**Common Allegations in Underlying Lawsuits**

24. The Underlying Lawsuits commonly allege:

a. The Hotel was well-known location for prostitution, sex trafficking,

drug activity, and violent crime;

b. Hotel employees were aware of trafficking activity and either ignored, facilitated, or profited from it;

c. The Hotel had a policy or practice of not contacting law enforcement regarding suspected prostitution or trafficking;

d. Rooms were rented by the hour or half-hour;

e. Victims, namely the underlying plaintiffs, and their traffickers were placed in rooms toward the back of the property to minimize visibility;

f. Employees acted as lookouts, warned traffickers of police presence, and accepted payments in connection with trafficking activity;

g. The Hotel generated revenue from room rentals used for trafficking;

h. The underlying plaintiffs exhibited visible signs of trafficking in terms of age, clothing, physical condition and male visitors;

i. Defendants had actual or constructive knowledge of trafficking based on employee observations, prior incidents, and online reviews; and

j. Defendants knowingly participated in, facilitated, profited from, and/or ignored criminal sex trafficking activity against the underlying plaintiffs.

**<u>Underlying Plaintiffs' Individual Allegations</u>**

25. D.B., the underlying plaintiff in *D.B. v. Lincoln Bancorp, LLC d/b/a Super 8 by Wyndham and Lincoln Property Management LLC*, No. 1:25-cv-05391-AT, alleges that she was trafficked at the Hotel from approximately June 2020 through December 2020 while she was 16 years old and further alleges:

a. Defendants had prior knowledge of trafficking at the Hotel, including knowledge derived from online reviews and law enforcement activity;

b. Defendants had constructive knowledge that D.B. was being trafficked but continued to rent rooms to her trafficker; and

c. Defendants financially benefited from room rentals used for trafficking.

26. J.R., the underlying plaintiff in *J.R. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04629-JPB, alleges she was trafficked at the Hotel in 2020 and 2021 beginning at age 15 and further alleges:

a. Multiple traffickers brought her to the Hotel for extended stays;

b. She was required to engage in numerous commercial sex acts daily;

c. Hotel employees were familiar with her traffickers and referred to them by nickname;

d. An employee allegedly refused to assist her when she attempted to seek help;

e. Employees allegedly acted as lookouts and warned traffickers of law

enforcement presence; and

f. A housekeeper allegedly observed trafficking activity regularly.

27. N.N., the plaintiff in *N.N. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04313-MHC, alleges she was trafficked at the Hotel in early 2021 while a minor and further alleges:

a. Her trafficker regularly rented rooms at the Hotel for prostitution;

b. Employees allegedly accepted payments to act as lookouts;

c. Employees allegedly rented rooms by the hour and prioritized traffickers' needs;

d. An employee allegedly asked her trafficker whether he could purchase her for sex;

e. The Hotel allegedly maintained a policy of not calling police; and

f. A resident known as the "candy lady" allegedly sold condoms, drugs, and related items on the premises.

28. T.H., the plaintiff in *T.H. v. Lincoln Bancorp, LLC*, Civil Action No. 1:25-cv-04310-AT, alleges she was trafficked at the Hotel in April and May 2020 at age 16 and further alleges:

a. Her trafficker regularly brought her to the Hotel and required her to engage in commercial sex acts daily;

b. Hotel employees were familiar with and accommodating to her trafficker;

c. A manager allegedly purchased drugs from the trafficker;

d. The Hotel allegedly allowed traffickers to rent rooms on credit and pay after generating proceeds from trafficking;

e. Employees allegedly disposed of evidence of trafficking from rooms; and

f. The Hotel allegedly maintained a policy of not contacting law enforcement.

**Underlying Causes of Action**

29. The Underlying Lawsuits each asserts a cause of action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), alleging that Defendants "knowingly benefited" from participation in a sex trafficking venture and knew or should have known that trafficking was occurring.

30. The Underlying Lawsuits each assert a cause of action under 18 U.S.C. § 2255, alleging violations of federal trafficking statutes.

31. The Underlying Lawsuits each assert a cause of action for negligence.

32. Except for the *J.R.* Lawsuit, the Underlying Lawsuits each assert a cause of action for public nuisance.

33. The *D.B.* Lawsuit asserts a cause of action for premises liability.

34. The underlying plaintiffs seek compensatory damages, punitive damages, attorneys' fees, interest and costs.

**<u>THE EVANSTON POLICIES</u>**

35. Evanston issued Commercial Excess Liability Policies to Lincoln Bancorp, LLC Super 8 under numbers EZXS3018326 (effective 12/30/19 to 12/30/20) and EZXS3040949 (effective 12/30/20 to 12/30/21) (collectively, the "Evanston Policies"). Copies of the Evanston Policies are attached as Exhibits E and F, respectively.

36. The Evanston Policies follow form to primary policies that Penn-America Insurance Company issued to Lincoln Bancorp for the same policy periods under numbers PAV0220391 (effective 12/30/19 to 12/30/20) and PAV0277177 (effective 12/30/20 to 12/30/21) (the "Penn-America Policies"). Copies of the Penn-America Policies are attached as Exhibits G and H, respectively.

37. The Evanston Policies are subject to the same terms, conditions, agreements, exclusions and definitions as contained in the Penn-America Policies, unless a claim or suit is settled without Evanston's consent or with respect to any provisions contrary to those contained in the Evanston Policies.

**<u>COUNT I – DECLARATORY JUDGMENT</u>**
**No Duty to Defend or Indemnify**

**Abuse, Molestation or Exploitation Exclusion**

38. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

39. The Evanston Policies exclude coverage as follows:

**EXCLUSION – ABUSE OR MOLESTATION**

***

This policy does not apply to:

**Abuse Or Molestation**

Any "bodily injury", "property damage" or "personal and advertising injury" arising out of the:

**a.** Actual or threatened abuse, molestation or exploitation by anyone; or

***

This exclusion applies even if the claim against the insured alleges negligence or other wrongdoing in the employment, investigation, supervision, training, retention, or reporting to the proper authorities or failure to so report.

***

40. The Evanston Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

41. The Evanston Policies define "property damage" as "physical injury to

tangible property including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured."

42. Under the Evanston Policies "personal and advertising injury," including consequential "bodily injury," is defined as certain offenses, including "false arrest, detention or imprisonment."

43. The Underlying Lawsuits allege that plaintiffs were minors who were trafficked and sold for commercial sex, repeatedly forced to engage in sexual acts, sexually assaulted, raped, commercially exploited and otherwise abused, molested and exploited by their traffickers.

44. The Underlying Lawsuits seek to hold Defendants liable for those alleged acts of sexual abuse, molestation, and exploitation, including through claims styled as violations of federal trafficking statutes, negligence, premises liability, and public nuisance.

45. Any alleged "bodily injury," "property damage," or "personal and advertising injury" asserted in the Underlying Lawsuits arises out of the actual or threatened abuse, molestation, or exploitation of minors.

46. The injuries alleged in the Underlying Lawsuits would not exist but for the alleged sexual abuse, molestation, and exploitation of the plaintiffs.

47. The Abuse or Molestation Exclusion expressly applies even where

liability is premised on alleged negligence in hiring, supervision, training, retention, investigation, reporting, or failure to report.

48. Because the allegations in the Underlying Lawsuits fall wholly within the Abuse or Molestation Exclusion, the Evanston Policies afford no coverage for the Underlying Lawsuits.

49. Accordingly, Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT
### No Duty to Defend or Indemnify
### Assault or Battery Exclusion

50. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

51. The Evanston Policies also contain the following exclusion:

**EXCLUSION – ASSAULT OR BATTERY**

***

**A.** The following is added to the Exclusions section:

This policy does not apply to:

**Assault Or Battery**

Any liability, cost or expense (including but not limited to cost of defense) for “bodily injury”, “property damage”, or “personal and advertising injury” arising directly or indirectly from any actual or alleged:

**a.** “Assault” or “battery”, whether caused by or at the instruction of or negligence of the insured, its “employees”, patrons, or any persons or causes whatsoever, regardless of whether the claim alleges any negligent action; and

**b.** Negligent acts, errors or omissions of or by the insured in connection with the hiring, retention, supervision or control of “employees”, agents or representatives causing, contributing to, relating to or accounting for the “assault” or “battery.”

This exclusion applies whether or not such “assault” or “battery” is alleged to be intentional, willful, reckless, negligent, or on any other basis.

**B.** The following are added to the Definitions section:

“Assault” means an act that creates an apprehension in another of an imminent, harmful or offensive contact between or among two or more persons. The act consists of a threat of harm through words or actions which are accompanied by an apparent, present ability to carry out the threat.

“Battery” means the harmful or offensive contact between or among two or more persons by personal contact or by instrumentality.

52. The Underlying Lawsuits allege that the plaintiffs were minors who

were repeatedly forced to engage in sexual acts, sexually assaulted, raped, physically restrained, and subjected to harmful and offensive contact by traffickers and sex buyers.

53. The alleged sexual assaults, rapes, and forced commercial sex acts constitute "assault" and "battery" as defined in the Evanston Policies.

54. The Underlying Lawsuits seek to hold Defendants liable for injuries arising from those alleged assaults and batteries, including through claims styled as violations of federal trafficking statutes, negligence, premises liability, and public nuisance.

55. Any alleged "bodily injury," "property damage," or "personal and advertising injury" asserted in the Underlying Lawsuits arises directly or indirectly from actual or alleged assault and battery.

56. The Assault or Battery Exclusion expressly applies even where liability is premised on alleged negligence in hiring, supervision, retention, investigation, reporting, or failure to report.

57. Because the allegations in the Underlying Lawsuits arise directly or indirectly from alleged assault and battery, the Evanston Policies afford no coverage for the Underlying Lawsuits.

58. Accordingly, Evanston has no duty to defend or indemnify Defendants

in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

## COUNT III - DECLARATORY JUDGMENT
### No Duty to Defend or Indemnify
### Punitive Damages Exclusion

59. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

60. The Evanston Policies include the following exclusion:

> Punitive or exemplary damages. This exclusion applies regardless of any other provision of this policy. If a "suit" is brought, against any insured, seeking both compensatory damages and punitive or exemplary damages, no coverage will be provided by this policy for any costs, including defense costs, interest, fines or penalties attributable to punitive or exemplary damages.

61. The Underlying Lawsuits assert a claim for punitive damages.

62. Punitive damages are excluded from coverage under the Evanston Policies.

63. Accordingly, Evanston has no duty to defend or indemnify Defendants for any punitive or exemplary damages sought in the Underlying Lawsuits, including any defense costs attributable thereto.

**WHEREFORE**, Evanston respectfully requests that the Court enter judgment declaring that Evanston owes no duty to defend or indemnify Defendants for any damages that are not because of "bodily injury" or "property damage," and any further relief to which Evanston is entitled or the Court deems just and proper.

**<u>COUNT IV - DECLARATORY JUDGMENT</u>**
**No Duty to Defend or Indemnify**
**No Damages Because of Bodily Injury or Property Damage**

64. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

65. Coverage A of the Evanston Policies provides coverage only for those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.

66. The Underlying Lawsuits allege that plaintiffs suffered physical and emotional injuries, as well as statutory damages, arising from alleged abuse, molestation, exploitation, assault, or battery.

67. The Underlying Lawsuits seek statutory remedies, enhanced damages, attorneys' fees, litigation expenses, and other economic relief pursuant to federal trafficking statutes and related claims.

68. The Underlying Lawsuits do not allege physical injury to tangible property or loss of use of tangible property.

69. Accordingly, Evanston has no duty to defend or indemnify Defendants under Coverage A for any damages that do not constitute damages because of "bodily injury" or "property damage" as defined in the Evanston Policies.

**WHEREFORE**, Evanston respectfully requests that the Court enter judgment declaring that Evanston owes no duty to defend or indemnify Defendants for any damages that are not because of "bodily injury" or "property damage," and any further relief to which Evanston is entitled or the Court deems just and proper.

## <u>COUNT V - DECLARATORY JUDGMENT</u>
### No Duty to Defend or Indemnify
### No Occurrence

70. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

71. The Evanston Policies provide coverage under Coverage A only for "bodily injury" or "property damage" caused by an "occurrence."

72. The Evanston Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

73. The Underlying Lawsuits allege that plaintiffs were trafficked as minors, sold for commercial sex, repeatedly forced to engage in sexual acts, sexually assaulted, raped, and commercially exploited.

74. The Underlying Lawsuits further allege that Defendants knowingly participated in, facilitated, profited from, and failed to prevent intentional criminal conduct.

75. The conduct alleged in the Underlying Lawsuits is intentional and non-accidental in nature.

76. Any alleged "bodily injury" arose from intentional sexual acts and trafficking conduct and was not caused by an "accident."

77. Because the Underlying Lawsuits do not allege "bodily injury" caused by an "occurrence," Coverage A of the Evanston Policies is not triggered.

78. Accordingly, Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

## COUNT VI – DECLARATORY JUDGMENT
**No Duty to Defend or Indemnify**
**Prior Knowledge**

79. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

80. The Evanston Policies provide coverage only if, prior to the policy period, no insured or authorized employee knew that the "bodily injury" had occurred, in whole or in part.

81. The Evanston Policies further provide that if such insured or authorized employee knew prior to the policy period that "bodily injury" had occurred, then any continuation, change, or resumption of such "bodily injury" during or after the policy period is deemed known prior to the policy period.

82. The Underlying Lawsuits allege that trafficking, sexual assaults, and exploitation occurred at the Hotel before and during multiple policy periods.

83. The Underlying Lawsuits allege that Hotel employees knew of ongoing trafficking, sexual assaults, and exploitation occurring on the premises.

84. Any "bodily injury" that first occurred prior to the inception of either policy period and was known to any insured or authorized employee, any continuation, repetition, or aggravation of such injury during the policy period is deemed known prior to the policy period and is not covered.

85. Accordingly, coverage is barred under the prior knowledge provision of the Evanston Policies, and Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment

declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

**COUNT VII – DECLARATORY JUDGMENT**
**No Duty to Defend or Indemnify**
**Expected and Intended Exclusion**

86. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

87. Coverage A excludes "bodily injury" that is "expected or intended from the standpoint of the insured."

88. The Underlying Lawsuits allege that Defendants knowingly facilitated, permitted, and profited from sex trafficking and sexual assaults occurring at the Hotel.

89. The Underlying Lawsuits allege intentional conduct and intentional participation in criminal trafficking ventures.

90. The alleged injuries were the direct, natural and foreseeable consequences of the alleged intentional conduct.

91. Any alleged "bodily injury" was therefore expected or intended from the standpoint of the insured.

92. Accordingly, coverage is barred by the Expected or Intended Injury

exclusion, and Evanston has no duty to defend or indemnify Defendants.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

## COUNT VIII - DECLARATORY JUDGMENT
### No Duty to Defend or Indemnify
### No Personal and Advertising Injury Arising Out of the Insured's Business

93. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

94. Coverage B of the Evanston Policies provides coverage for sums the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which the insurance applies.

95. Coverage B applies only if the alleged "personal and advertising injury" is caused by an enumerated offense arising out of the insured's business and committed during the policy period.

96. The Evanston Policies define "personal and advertising injury" to include certain enumerated offenses, including "false arrest, detention or imprisonment."

97. The Underlying Lawsuits allege that plaintiffs were trafficked as

minors, sold for commercial sex, sexually assaulted, raped, and held against their will by traffickers and sex buyers.

98. The gravamen of the Underlying Lawsuits is sex trafficking, sexual exploitation, and intentional criminal conduct occurring at the Hotel.

99. Any alleged detention or imprisonment of the plaintiffs arose from and was incidental to the alleged sex trafficking and criminal exploitation, and not from any enumerated offense arising out of the insured's legitimate hotel business operations.

100. The alleged trafficking, sexual exploitation, and unlawful detention of minors does not constitute an offense arising out of the insured's business within the meaning of Coverage B.

101. Accordingly, Coverage B is not triggered because the alleged conduct does not constitute "personal and advertising injury" caused by an offense arising out of the insured's business.

102. Accordingly, Evanston has no duty to defend or indemnify Defendants under Coverage B in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in connection with the Underlying Lawsuits and any further relief to which Evanston

is entitled or the Court deems just and proper.

**COUNT IX – DECLARATORY JUDGMENT**
**No Duty to Defend or Indemnify**
**Knowing Violation Exclusion**

103. Evanston repeats and incorporates by reference the preceding paragraphs as though fully set forth herein.

104. The Evanston Policies contain the following exclusion under Coverage B:

> **Exclusions**
>
> This insurance does not apply to:
>
> a. **Knowing Violation of Rights of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

105. The Underlying Lawsuits allege that Defendants knowingly participated in, facilitated, permitted, and profited from sex trafficking and the commercial sexual exploitation of minors at the Hotel.

106. The Underlying Lawsuits further allege that Defendants knew trafficking, sexual assault, unlawful detention, and exploitation were occurring and nevertheless allowed such conduct to continue.

107. The rights allegedly violated include plaintiffs' fundamental rights to

be free from unlawful detention, false imprisonment, sexual assault, trafficking, and exploitation.

108. The conduct alleged in the Underlying Lawsuits is expressly pleaded as knowing, intentional, and undertaken with awareness that such conduct violated the plaintiffs' rights.

109. Any alleged "personal and advertising injury," including any alleged false imprisonment or detention, arises from and is inseparable from conduct alleged to have been knowingly committed or knowingly facilitated with knowledge that it would violate the rights of the plaintiffs.

110. The Knowing Violation of Rights of Another exclusion therefore applies to bar coverage for any "personal and advertising injury" alleged in the Underlying Lawsuits.

111. Because the allegations fall squarely within the Knowing Violation of Rights of Another exclusion, Coverage B affords no coverage for the claims asserted.

112. Accordingly, Evanston has no duty to defend or indemnify Defendants under Coverage B in connection with the Underlying Lawsuits.

**WHEREFORE**, Evanston respectfully requests the Court enter judgment declaring that Evanston has no duty to defend or indemnify Defendants in

connection with the Underlying Lawsuits and any further relief to which Evanston is entitled or the Court deems just and proper.

This 22nd day of June, 2026.


**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (Telephone)
404.467.8845 (Facsimile)
seth.friedman@lewisbrisbois.com

/s/ Seth M. Friedman
Seth M. Friedman
Georgia Bar No. 141501
*Attorney for Plaintiff Evanston Insurance Company*

**NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**
Leena Soni (*pro hac vice motion to be filed*)
10 South Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (312) 585-1400
Fax: (312) 585-1401
lsoni@nicolaidesllp.com